UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS J. WILKINSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-03010-SEM |
| | ) | |
| MICHAEL HARMON, | ) | |
|     Defendant. | ) | |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Thomas J. Wilkinson, a detainee at the Livingston County Jail ("Jail"), filed a complaint [1] under 42 U.S.C. § 1983 that is before the Court for screening. The Court dismisses Plaintiff's case, concluding that Plaintiff fails to state a plausible claim for relief.

### I. SCREENING STANDARD

The court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

immune from such relief." *Id.* In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. COMPLAINT

### A. Facts Alleged

In February 2021, Plaintiff was arrested and charged with drug and gun possession offenses. Plaintiff's sister hired Defendant attorney Michael D. Harmon to represent Plaintiff during his criminal proceedings in this District. Plaintiff claims that Harmon appeared for his April 2021 arraignment and filed one continuance before failing to appear at a January 2022 status conference.[1] Plaintiff seeks reimbursement of payment and damages from Harmon.

---

[1] The Court notes that at a January 11, 2022, status conference in criminal case No. 3:21-cr-30021, Defendant Harmon failed to appear. Plaintiff orally moved to terminate Harmon's representation and the Court granted Plaintiff's request for the appointment of counsel from the Federal Public Defender Office. *See White v. Keely*, 814 F.3d 883, 886 (7th Cir. 2016) (stating that courts "may take judicial notice of public records, including public court documents").

## B. Analysis

Title 42 U.S.C § 1983 provides a claim against a person acting under the color of law who deprives another of a federal right. 42 U.S.C. § 1983. "Action is taken under color of state law when it involves a misuse of power, 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Valentine v. City of Chicago*, 452 F.3d 670, 682 (7th Cir. 2006) (quoting *Honaker v. Smith*, 256 F.3d 477, 484–85 (7th Cir. 2001)).

The Court concludes that Plaintiff fails to state a claim against Defendant Harmon as his private attorney because "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Accordingly, the Court dismissed Plaintiff's complaint.

Although the Court has the discretion to permit Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014,

1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's complaint [1] under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Because any amendment to the complaint would be futile, the Court DIRECTS the Clerk of the Court to enter a judgment under Fed. R. Civ. P. 58. Plaintiff remains responsible for any unpaid balance of the $350 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the**

**$505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED March 2, 2023.

s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
